COVINGTON v. BERRY.

Opinion delivered July 29, 1905.

1. STATUTE OF LIMITATION—BRINGING SECOND ACTION WITHIN YEAR.— Where plaintiff brought an action in ejectment to recover land, relying upon a deed from B. to M. and from the heir of M. to plaintiff, and dismissed the suit, and within a year thereafter brought a second action in ejectment, relying upon deeds from the heirs of B., without relying upon or setting out the deeds relied upon in the former action, the running of the statute of limitation in the second action was not stopped by the commencement of the former action. (Page 463.)

2. EVIDENCE—BEST AND SECONDARY.—In the absence of a showing that the original patent has been lost or can not be produced, it is not admissible to prove its existence by a transcript of the record of the State Land Office. (Page 464.)

3. SWAMP LAND—EFFECT OF CONVEYANCE FROM STATE.—A deed from the State, which, by a correct description, purported to convey a tract of land as swamp land, conveys a *prima facie* title, though the deed from the United States to the State purporting to convey the same land contained an insufficient description, since the title of the State to swamp land does not depend alone upon the deed from the United States, but upon the Swamp Land Grant of 1850. (Page 464.)

4. LEVEE TAX DEED—SUFFICIENCY OF DESCRIPTION.—A deed executed by a commissioner appointed to enforce a decree for the payment of levee

taxes which describes the land as the east part of a certain quarter sec-
tion, containing 63 acres, without any more specific description, is void,
where the proceeding was based on constructive service, and the
name of the owner of the land was incorrectly stated.  (Page 464.)

Appeal from Lee Circuit Court; HANCE N. HUTTON, Judge;
reversed.

### STATEMENT BY THE COURT.

Ed Berry brought an action of ejectment against Lucy Cov-
ington to recover six and one-half acres of land in St. Francis
County.　This land was a part of the east half of the southeast
quarter of section 30, township 5 north, range 4 east, that was
east of the St. Francis River.　The Choctaw Railroad crosses
this tract, and the six and one-half acres in controversy lay north
of the railroad.　The plaintiff claimed to be the owner of that
part of the east one-half of the southeast quarter of section 30
that lay east of the river, containing 60.30 acres, which included
the six and one-half acres in controversy.　The defendant pleaded
the statute of limitations of seven years, and also denied that
plaintiff was the owner of the 60.30 acres east of the river.　The
first action brought by the plaintiff against defendant to recover
the land was begun in August, 1898.　The chain of title set up
in this action was as follows:

Conveyance from the United States to the State of Arkansas
by the swamp land act of 1850; from the State to R. C. Brinkley
in 1853; from R. C. Brinkley to Hugh McMurray in 1872; that
subsequently in 1898 the heirs of Brinkley executed a deed to
McMurray, correcting a mistake made in a former deed of R. C.
Brinkley, and that A. E. Ketchum, the only heir of McMurray,
afterwards conveyed the land to plaintiff Berry.　A nonsuit was
taken in the action in March, 1900, and a new action commenced
in August, 1900.　The chain of title in this new action is a grant
from the United States to the State, from the State to R. C.
Brinkley, and conveyances from the heirs of R. C. Brinkley to
plaintiff Berry, dated January 13, 1898, and June 29, 1899.

The complaint also set out that he was the owner of the
land by virtue of a sale under a decree of court for nonpayment
of levee taxes, and also by purchase at a sale for nonpayment
of State and county taxes.

On the trial objection was made to the introduction of these tax deeds on the ground that they were void on account of an insufficient description of the land, but the objection was overruled.

The court permitted the plaintiff to prove the conveyance from the State to R. C. Brinkley by a transcript of the record of the State Land Office, without any showing that the patent from the State could not be produced. The court, among other instructions given at request of plaintiff, told the jury, in substance, that they should find for the plaintiff unless there was seven years continuous adverse possession by the defendant before August 22, 1898, the time of the bringing of the first suit, and refused the request of the defendant that the statute of limitations did not stop until the 25th of August, 1900, the date of the bringing of the last action.

There was a verdict and judgment in favor of the plaintiff, and defendant appealed.

*W. Gorman* and *N. W. Norton,* for appellee.

It was error to permit the introduction of the certificate of the Commissioner of State Lands to show a transfer from the State to R. C. Brinkley, without laying a proper foundation therefor by showing the loss of the deed, 47 Ark. 297; 57 Ark. 153; s. c. 50 S. W. 1088, 1089. The description of the 60.30 acres was too vague, and the deed conveyed nothing thereby. 34 Ark. 534; 30 Ark. 640; 41 Ark. 495; 48 Ark. 419; 60 Ark. 487; 69 Ark. 357; 56 Ark. 178. It was error to rule that the statute ceased to run in favor of the defendant in August, 1898. 7 Pet. 202; 6 Pet. 130; 95 Fed. 305; 59 Ark. 441.

*John Gatling,* for appellee.

There was no error in the admission in evidence of the certificate of the Commissioner of State Lands. 57 Ark. 153. The admissibility of the document offered here should not be questioned by the appellant, occupying as she does the position of one holding no paper title, and in possession without right. 41 Ark. 465; 36 Ark. 471. The description in the deed is sufficiently certain. Appellee had a right to offer the deeds in evidence, and to amend his pleading acordingly. 9 So. 74; 17 So. 41; 101 Fed. 91.

RIDDICK, J., (after stating the facts.) This is an appeal by the defendant from a judgment rendered against her in an ac-

tion of ejectment for the recovery of six and one-half acres of land. There had been prior a action for the same land, which was commenced on the 22nd of August, 1898, and in which a nonsuit was taken in March, 1900. Afterwards the present action was begun on the 25th of August, 1900. In the first action plaintiff relied on a conveyance from Brinkley to McMurray, and one from the heir of McMurray to plaintiff. After the commencement of the first action plaintiff procured deeds from the heirs of Brinkley to himself. In the second action he does not refer to the conveyance from Brinkley to McMurray, but relies on the conveyance from the heirs of Brinkley to himself. Defendant pleaded the statute of limitations, and her counsel contend that the two suits above referred to were based on different causes of action, and that the statute of limitations did not stop running until the commencement of the last action. The mere fact that plaintiff did not properly set out his chain of title in one or the other of these suits would, we think, on this point be immaterial if he was in fact the owner of, and seeking to sustain, the same title in each action. But the contention of defendant is sound if plaintiff in the second action is seeking to maintain a title acquired subsequent to the commencement of the first action, for such title gave plaintiff a new cause of action, and the fact that plaintiff brought a former action against defendant did not stop the statute from running against plaintiff on a cause of action acquired after the commencement of such suit. That is to say, if plaintiff held the title to this land, or any part of it, at the time of the commencement of the first action to recover the land, the statute of limitations stopped, as to the land he then owned, on the bringing of such action; but if he acquired title to it, or to part of it, subsequent to that time, then as to that part he had no right of action at the time the first suit was brought, and the statute did not stop running against his right to recover until he acquired title and began the new action. It takes a right on the part of plaintiff and a violation of that right on the part of defendant to make a cause of action; and, until plaintiff acquired title to the land, the possession of the defendant did him no injury, and gave him no right of action against her. Plaintiff did not set out or read in evidence the deed from Brinkley to McMurray or from McMurray to him. and we are not able to pass on

those deeds. But, as the chain of title set out by plaintiff and the evidence tend to show that the title to at least a portion of the land was acquired by plaintiff subsequent to the commencement of the first action, we are of the opinion that the court erred in holding generally that the statute of limitations stopped running on the commencement of the first action. *Union Pacific Ry.* v. *Wyler,* 158 U. S. 285; *Sicard* v. *Davis,* 6 Peters, 124; *Whalen* v. *Gordon,* 95 Fed. Rep. 305.

The objection to the introduction of the transcript of the record of the State Land Office should have been sustained, in the absence of a showing that the original patent was lost or could not be produced. *Carpenter* v. *Dressler, ante,* p. 400.

As to the question whether the land was sufficiently described in the various deeds submitted by plaintiff, it is not material to notice the description of the land contained in the deed from the United States to the State, for the reason that the title to the swamp land of the State does not depend alone upon that deed, but upon the grant contained in the statute of 1850. The fact that the State afterwards conveyed this land to Brinkley as swamp land makes out, we think, at least a *prima facie* showing of title in him. The deed of the State describes the land as the east half of the southeast quarter, giving section, range and township, which is sufficiently certain.

The deed from Folbre, by which Folbre, as commissioner to enforce a decree for the payment of levee taxes, sold and conveyed the land to plaintiff, described the land as "E. pt. S. E. ¾ Sec. 30, 5 N., 4 E., containing 63 acres," and the tax deed from the clerk of St. Francis County, conveying land to Reeves, under which deed plaintiff also claimed, described it as the east part of southeast quarter of section 30, 5 N., 4 E., containing 60 30-100. These descriptions might possibly be construed to describe a tract in the shape of a parallelogram taken from the east side of the quarter section described, but the evidence shows that it was not the intention to sell a tract in that shape. Under former decisions of this court these descriptions are not sufficiently certain to pass title in a proceeding to collect taxes, and these deeds are void, and the exceptions to them should have been sustained. *Rhodes* v. *Covington,* 69 Ark. 357; *Texarkana Water Co.* v. *State,* 62 Ark. 188; *Schattler* v. *Cassinelli,* 56 Ark. 172.

We have not overlooked the fact that this is not an ordinary tax sale, but a sale under the order of a court. This court has held in a recent case of this kind that a mistake in the name of the owner of the land did not invalidate the proceedings (*Ballard* v. *Hunter,* 74 Ark. 174); because the published description of the land is notice to the owner, even though another person be designated as owner; but if the land is not correctly described, the owner has no notice. The court acquires jurisdiction by the filing of the complaint and publication of the notice describing the land; and if the land is not described so that the owner may know that his land is being proceeded against, the court acquires no jurisdiction to sell it. For this reason we think that when there is no personal service, but notice is given by publication only, as here, and when, as in this case, the name of the owner of the land is not correctly stated, the description of the land must be reasonably sufficient to identify it. The land here is only six and a half acres, in the shape of a triangle, and we are of the opinion that its description as the "east part of S. E. ¼ of Sec. 30, 5 N., 4 E., containing 60 30-100 acres" was well calculated to mislead an owner whose name did not appear in connection with the description.

For the reasons stated the judgment is reversed, and the cause remanded for a new trial, with leave for either party to amend pleadings.