## WARMACK *v.* ASKEW.

### Opinion delivered December 12, 1910.

1. PATENTS—INVALIDITY OF NOTE—EFFECT UPON SALE.—Failure to comply with Kirby's Digest, § 513, in regard to the execution of a note given for a patented machine, implement, substance or instrument merely renders the note void, but does not affect the validity of the sale; and an adverse judgment on the note is no bar to an action upon the contract of sale. (Page 21.)

2. ACTION—EFFECT OF AMENDED COMPLAINT.—The filing of an amendment setting up an entirely separate and distinct cause of action and of the answer to it is equivalent to the bringing of a new cause of action and the entry of defendant's appearance thereto. (Page 21.)

3. LIMITATION OF ACTIONS—FILING OF AMENDED COMPLAINT.—The statute of limitations continues to run as to a cause of action not included in the original complaint but first set up in an amendment thereto until the filing of such amendment. (Page 21.)

4. PATENTS—NOTE GIVEN FOR PATENTED ARTICLE—VALIDITY.—A note given in payment for royalty checks, which were to be used in purchasing patented articles, is void within the terms of Kirby's Digest, § 513, requiring notes given in payment of patented articles to be written

on a printed form, and to show their consideration on their face. *Columbia County Bank* v. *Emerson,* 86 Ark. 155, followed. (Page 22.)

5. LIMITATION OF ACTIONS—VERBAL CONTRACT.—Where a note given in payment for royalty checks, which were to be used in purchasing patented articles, was void under the statute, and there was no other writing evidencing the sale of such articles, the statute of limitation applicable in a suit to enforce such sale is the three years statute applicable to a suit on a contract, express or implied, not in writing. (Page 23.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

*Stevens & Stevens,* for appellant.

The notes were void, and could not be the basis of recovery. The cause of action having failed, it could not be amended so as to substitute a new party plaintiff who had or could be shown to have a cause of action. Kirby's Digest, § 513; *Id.* § 6096; 67 Ark. 579; 34 Ark. 157; 54 Ark. 444; 89 Ark. 239; 47 Ark. 378; 64 Ark. 348; 25 Ark. 10; 70 Ark. 200; 86 Ark. 155.

*W. H. Askew,* for appellee.

Plaintiff was entitled to amend his complaint to conform to proof introduced without objection. 67 Ark. 426; Kirby's Digest, § 6145; 100 Am. Dec. 435; 70 Ark. 200, 202; 43 Ark. 282. And to amend by making Karner a party plaintiff. It in no wise changed the status of the defendant, and the court had the same discretion to allow him to be made a party as to allow the amendment to conform to the proof. Kirby's Digest, § 6145. Appellant waived objection to the amended complaint by filing a demurrer and afterwards an answer. 65 Ark. 495; 82 Ark. 179; 81 Ark. 579, 587.

HART, J. This is an appeal by J. L. Warmack from a judgment rendered against him in favor of J. H. Askew and J. C. Karner. The suit was originally brought by J. H. Askew against J. L. Warmack to recover upon two promissory notes.

The defense was interposed that the notes were given to one J. C. Karner in payment of patent right territory, or in payment of the purchase money of patented instruments, and they were not executed on a printed form, and did not show upon their face that they were executed in consideration of a patented machine, implement, substance or instrument, as required by

section 513 of Kirby's Digest; and that said notes had been transferred by said Karner to the plaintiff Askew.

The plaintiff demurred to the answer, and his demurrer was overruled. Subsequently plaintiff asked that his complaint be amended, and, as amended, the complaint is a suit by J. H. Askew and J. C. Karner against J. L. Warmack to recover upon the contract of sale made by Karner to Warmack.

The defendant answered, and, among other defenses, set up that the action was barred by the statute of limitations of three years. The suit as first brought was upon the notes, and the second complaint in which Karner was made a co-plaintiff was upon the contract of sale. •

In the case of *Roth* v. *Merchants' & Planters' Bank,* 70 Ark. 200, the court held that the failure to comply with the statute in regard to the execution of a note given for a patented machine, implement, substance or instrument does not affect the validity of the sale, but only renders the note absolutely void; and that an adverse judgment in a suit on the note is no bar to an action upon the contract of sale. See also *Tillman* v. *Thatcher,* 56 Ark. 334.

It follows that a suit upon the notes and upon the contract of sale are entirely separate and distinct causes of action. The defendant answered the complaint which based the right of recovery upon the contract of sale, and thereby entered his appearance.

The filing of an amendment setting up an entirely separate and distinct cause of action and the answer to it are equivalent to the bringing of a new action and the entry of appearance thereto by the defendant. *Choctaw, O. & G. Rd. Co.* v. *Hickey,* 81 Ark. 579; *Wood* v. *Wood,* 59 Ark. 446.

Hence the case stands as if Askew and Karner, the plaintiffs, had brought suit against Warmack, the defendant, on the contract of sale on the 25th day of February, 1909, the date of filing the amended complaint. In such cases the statute of limitations as to the new cause of action continues to run until the filing of the amendment. *Buck* v. *Davis,* 64 Ark. 345.

The undisputed evidence shows that the cause of action is barred by the statute of limitations of three years if it shall be determined that the action is founded on a "contract or liability, express or implied, not in writing." See Kirby's Digest, § 5064.

On the 2d day of May, 1904, J. C. Karner, by an instrument in writing signed by him, appointed J. L. Warmack as his exclusive agent to sell the Karner Sash Lock, a patented article, in certain named territory for a period of time, and agreed to furnish said agent all the locks he might order at a designated price. On the same day the notes originally sued on, amounting to $294, were executed by Warmack to Karner. On the same day the following receipt was executed:

"$294. Received of J. L. Warmack two hundred and ninety-four dollars in full payment for seventy royalty checks for $4.20 each, being advanced royalty on Karner Sash Locks, the purpose of which is to carry the locks in stock ready for shipment to such points in the United States as they may direct.

(Signed) "J. C. Karner."

The form of the royalty check is as follows:

"Nickel Manufacturing Company.

"Morris, Ill., $4.20.

"Upon presentation of this check, duly indorsed by one of my authorized agents, you will accept the same in payment of thirty-five cents per dozen on 12 dozen Karner Sash Locks at the price of $1.70 per dozen, and charge the same to my account on royalty.

"J. C. Karner."

The Nickel Manufacturing Company was under contract with Karner to manufacture these sash locks, and sell them to his agents and take in payment therefor these royalty checks.

In the case of *Columbia County Bank* v. *Emerson,* 86 Ark. 157, the consideration of the notes sued on was the payment of royalty checks to be used in purchasing this same sash lock, and the court held that they, not having been executed in conformity with section 513 of Kirby's Digest, were void and that no recovery could be had thereon.

It follows that the notes originally sued on are void, and no recovery can be had on them. The notes, being void, can form no part of the contract, and in that respect are just as if they had never been executed. The instrument of writing of May 2, 1904, in which Karner appointed Warmack to sell the sash locks, contains no provision that obligates Warmack to purchase any of the sash locks or royalty checks.

The same may be said of the $294 receipt issued by Karner on that day. This receipt was not contractual in its nature, but is a mere acknowledgment that so much money was received in payment of royalty checks. Whatever contract or liability there was arises from facts outside of the receipt. The receipt does not embody any agreement between Karner and Warmack, and no promise or obligation is imparted by it. It follows that, whatever agreement was had between Karner and Warmack, it was a contract not in writing. *Ashley* v. *Vischer*, 24 Cal. 322, 85 Am. Dec. 65. See also 17 Cyc. 632.

Hence we conclude that the action was founded on a contract not in writing, and under the undisputed evidence is barred by the statute of limitations of three years.

The record shows that the case has been fully developed. It is therefore ordered that the judgment be reversed, and the cause dismissed.