### COTTONWOOD LUMBER COMPANY *v.* WALKER.

### Opinion delivered December 9, 1912.

1. PLEADING—AMENDMENT TO COMPLAINT—TENANTS IN COMMON.—NEW CAUSE OF ACTION.—C, defendant, went into actual possession of certain lands, which were unimproved and unenclosed in 1903, claiming title under tax deed and certain mesne conveyances. In 1904 the plaintiffs brought suit for possession of the lands claiming to be heirs of H who died intestate. In 1912 plaintiffs amended their complaint setting out that H died testate, willing all of the said property to W one of the plaintiffs, and that she was entitled to the whole of said lands as such devisee. *Held*—Lands held by tenants in common by descent are distributed to the tenants in common in equal shares. Kirby's Dig., § 2636. That the amendment to the complaint filed by plaintiffs operated as a dismissal of the original complaint, so far as it concerned all of the plaintiffs except W, and that it was the statement of a new cause of action on the part of W, except as to her claim under the original complaint to an undivided part of the said lands. (Page 106.)

2. LIMITATION OF ACTIONS—AMENDMENT TO COMPLAINT—The statute of limitations continues to run as to a cause of action not included in the original complaint, but first set up in an amendment thereto until the filing of such amendment. (Page 108.)

Appeal from Lee Circuit Court; *Hance N. Hutton*, Judge; reversed in part, affirmed in part.

#### STATEMENT BY THE COURT.

On November 4, 1904, the appellee and other heirs of Josiah Hawkins brought this suit against appellant to recover the possession of a certain tract of land in Lee County. Josiah Hawkins died in 1890, leaving surviving him the appellee and other children and grandchildren.

In their complaint the plaintiffs alleged that their ancestor died intestate, and deraigned title through him from the government. They alleged that defendants were in the unlawful possession of the lands. They set up that appellants claimed title under purchase at a tax sale. They tendered the taxes and prayed judgment for the possession of the land.

The defendants answered, denying the allegations of the complaint, and setting up tax title and adverse possession of the lands for more than two years before the commencement of the suit, pleading the two years' statute of limitations.

At the April term, 1912, the plaintiffs amended their complaint, setting up that Josiah Hawkins, their ancestor, died testate, having willed his property to appellee, and that she, by virtue of the will, became the owner of the entire interest in the lands claimed. The defendants answered the amended complaint, admitting that Josiah Hawkins died testate, having willed the land in controversy to the appellee, and alleged that they, the defendants, had "been in the open notorious, exclusive, continuous, visible and adverse possession of the lands involved in this action for more than eight years next preceding the filing of the amendment to said complaint," and claiming title as alleged in the original answer. In their answer they also asked the court to dismiss the amended complaint for the reason that plaintiffs "did not, prior to the filing of said amendment make the affidavit of tender of taxes and improvements as required by the statute." The court overruled the motion to dismiss the complaint.

There was an agreed statement of facts and depositions of witnesses from which the court found in part as follows: "That Josiah Hawkins died in 1890, leaving a will through which and under which Linnie B. Hawkins (now Mrs. J. J. Walker) was devised the lands in controversy. * * * That this action of ejectment was filed in November 1904, by plaintiffs, J. A. Hawkins, Gus Hawkins, Mrs. S. Alma Salmon, Mrs. H. A. Bernard, Mrs. J. J. Walker, Mrs. E. D. Moore, Irby Gibson and Gertrude Gibson, minors, by H. C. Gibson, their father and regular guardian, who claim title to said lands by inheritance as the sole heirs at law of the said Josiah Hawkins, deceased, who died intestate in 1890. * * * The court further finds that said lands in controversy

were at all times unimproved and uninclosed until the ................ day of June, 1903, at which time the defendants took actual possession of said lands, and since said date have held actual, open, notorious, continuous and adverse possession of said lands, claiming title thereto under the tax deed and deed of mesne conveyance as set forth in defendant's answer. .That defendants, etc., have had color of title to said lands under the said several deeds of conveyance hereinbefore referred to, and have, under said color of title, claimed to be the owners of said lands."

And the court, in part, declared the law as follows:

"2.   The actual possession of the defendants of the lands in controversy does not constitute a bar to this action, under any statute of limitations of this State.

"3.   Under the terms of the will introduced in evidence, all of the title of said Josiah Hawkins to said lands passed to Linnie B. Hawkins-Walker."

The appellants requested the court to declare the law, in part, as follows, which the court refused, towit:

"The court declares the law to be that the amendment to the original complaint made this date by interlineation alleging the ownership of the lands in controversy to be in the plaintiff, Linnie B. Hawkins-Walker (Mrs. J. J. Walker) to the exclusion of the other plaintiffs by reason of a devise to her contained in the last will and testament of Josiah Hawkins, who died testate in 1890, constituted a new cause of action on behalf of the said plaintiff, Linnie B. Hawkins-Walker (Mrs. J. J. Walker) and the statute of limitations as to the claim set up by the said Linnie B. Hawkins in the complaint as amended was not tolled until this date."

The court rendered judgment in favor of the appellee for the possession of the land in controversy, from which judgment appellant duly prosecute this appeal.

*W. W. Hughes, Danaher & Danaher* and *Chas. E. Daggett,* for appellant.

The amendment to the complaint stated a new and different cause of action from that stated in the original complaint, the original deraigning title by descent, the amendment by purchase. Tiedeman on Real Property, (3 ed.), § 469.

As to the seven-eighths interest not claimed by Mrs. Walker in the original complaint, it necessarily follows that the statute of limitations did not cease to run until the date of the amendment; but the amendment stated a new cause of action as to the entire tract, and the actual possession of appellants, and the actual possession of appellants under the tax deed from June, 1903, to April, 1912, is a complete bar to the action. 53 Ark. 418; 71 Ark. 117; 81 Ark. 579; 59 Ark. 446; 64 Ark. 345; 97 Ark. 19; 75 Ark. 465; 158 U. S. 285; 31 Cyc. 256, 257; Black on Judgments, § 726; 95 Fed. 305; 1 Enc. Pl. & Pr. 556, and cases cited; 90 N. E. 783; Black on Judgments, § § 610, 655; 66 Ark. 336; 55 Ark 286; Kirby's Dig., § 2742; 18 S. E. (Ga.) 13; 15 Pick. (Mass.) 345; 13 Ark. 88; 23 Ark. 459, 476; 76 Ark. 460; 95 N. E. 990.

*H. F. Roleson,* for appellee.

Appellants' contention as to the amendment was available under the common law rule of practice, but that rule has been entirely abrogated by our Code. The sound discretion of the court in the matter of allowing the amendment was controlling, no prejudice resulted to appellants, no continuance asked, and there was no abuse of the court's discretion in allowing the amendment.

The allegations of the complaint are that plaintiffs are entitled to possession. If only one or two of them are really entitled to possession and the others have no interest, it does not divest the real owners of any title they had and vest it in the defendant. Kirby's Dig., § 6229; *Id.,* § 6145; 91 Ark. 377; 101 Fed. 171-182; 26 Ark. 407; 23 Ark. 476; 67 Ark. 426; 76 Ark. 460; 83 Ark. 196, 200.

WOOD, J., (after stating the facts). The allegations of the original complaint showed that appellee and others, the heirs of Josiah Hawkins, deceased, brought this suit as tenants in common, setting up that their ancestor died intestate, leaving them as his heirs and that as such they inherited the land in controversy. They therefore set up title to the land by descent. The facts alleged in the complaint showed that the appellee was not seeking to recover the entire tract for the benefit of the other tenants in common. We do not decide therefore in this case the question as to whether one tenant

in common can maintain ejectment in this State for the benefit of himself and the other tenants in common for the lands owned by them as tenants in common. That question is not raised under the allegations of the original complaint. All the tenants in common join in the suit for lands which they claim by descent. Under our statute. of descents and distributions, where lands are owned by tenants in common by descent they are distributed in equal shares to the tenants in common. Kirby's Digest, § 2636; 29 Cyc. p. 1557.

So far as the individual tenants in common are concerned, the original complaint must be treated as a suit by them to recover their several and individual interests in the land in controversy as tenants in parcenary, or in equal shares. The appellee, Mrs. Walker, was claiming title and the right to recover the possession of only a one-eighth interest, as that was her share of the land in controversy. When the amendment to the complaint was filed it changed the cause of action entirely as to all the lands except her undivided one-eighth interest; for by the amendment to the complaint she claimed title to and the right of possession of the whole tract under a will from her father. The amendment to the complaint, in legal effect, was a dismissal of the original cause of action except as to the appellee. Prior to the filing of the amendment to the complaint the appellee did not set up any claim of title to or right to the possession, in her own name, of the entire tract of land in controversy. The allegations of the amendment to the complaint as to the right of possession of all the lands in controversy, except the undivided one-eighth interest claimed by the appellee, are entirely inconsistent with the evidence which would have been required to establish the allegations of the original complaint. The evidence which would have been required to establish the allegations of the amendment to the complaint would have defeated the allegations of the original complaint to all the lands except the undivided interest of the appellee. The evidence of title exhibited with the amendment to the complaint proves that all the plaintiffs except the appellee were not entitled to any interest in the lands in controversy, and that she was entitled to recover the entire interest unless barred by the statute of limitations.

If there had been no amendment to the complaint and the cause had proceeded to judgment in favor of the original plaintiffs, such judgments would have been a bar to recovery by appellee of any interest in the land except her undivided one-eighth; for as to the remaining seven-eighths the judgment would have been in favor of the other tenants in common with her.

"It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both." Vol. 1, Enc. Pl. & Pr. p. 556, and cases cited; Black on Judgments, § 726; *Whalen* v. *Gordon,* 95 Fed. Rep. 305.

In the case of *White* v. *Moss,* 18 S. E. 13, Sarah White and others as joint plaintiffs brought an action in ejectment against Moss and Childs for the recovery of a tract of land. The action was brought at the September term, 1884, and the cause was dismissed at the September term, 1886. On February 12, 1887, Sarah White alone brought suit to recover the lands. The statute provided that, if a plaintiff shall dismiss his case and recommence the same within six months, such renewed case shall stand upon the same footing as to limitations with the original case. The court said: "We think it too plain for argument that this last suit is in no sense a renewal or recommencement of the former one. No suit by two persons can be the same as by one of them, and it is absolutely clear that the suit in which the plaintiff is now seeking a recovery is not the same action as that in which she formerly sought to recover jointly with another person."

So here, as we have stated, the filing of the amendment to the complaint was tantamount to a dismissal of the cause of action as to all of the original plaintiffs except the appellee, and as to her except as to her undivided one-eighth interest. She did not disclose her claim of title to the other seven-eighths until the filing of the amendment to the complaint in 1912, and as to this it is precisely the same as if appellee were seeking to recover on a title acquired subsequent to the commencement of her first action.

In *Gannon* v. *Moore,* 83 Ark. 196, we said: "If, after the

action was commenced, the plaintiffs had bought or inherited a new title to the land, and had undertaken to amend their pleadings and recover on this new title, this would be bringing in a new cause of action, for this new evidence would show that at the time the original action was brought plaintiffs had no right to possession, and therefore had no cause of action, and that their right to possession and their cause of action was subsequent to the commencement of their suit." See also to the same effect *Covington* v. *Berry*, 76 Ark. 460.

We conclude therefore that the filing of the amendment to the complaint was a new cause of action as to the seven-eighths interest in the land not included in the original complaint, and as to this the statute of limitations began to run from the time the appellants took possession under their tax deed in 1903, and continued until the amendment to the complaint was filed in 1912, which would give the appellants title to this under either the two or the seven years' statute of limitations.

"The statute of limitations continues to run as to the cause of action not included in the original complaint, but first set up in an amendment thereto until the filing of such amendment." *Womack* v. *Askew*, 97 Ark. 19; *C., O. & G. Ry. Co.* v. *Hickey*, 81 Ark. 579; *Partick* v. *Whitely*, 75 Ark. 465; *Wood* v. *Wood*, 59 Ark. 441-446.

As to the undivided one-eighth interest claimed by the appellee in the original complaint, the amendment did not change the cause of action and operate as a new suit for the reason that in the amendment she was claiming title and the right to possession of the whole tract, which would include all the parts thereof. True the evidence of title by which she claimed under the amendment to the complaint was entirely different from that set up in the original complaint, but that could make no difference. If the appellee owned the whole tract of land in controversy at the time the original suit was instituted in 1904, the fact that she made a mistake in alleging the evidence of title under which she claimed is not material and did not defeat her right to recover the whole or any part thereof at that time. But at that time, as we have shown, she was only claiming and seeking to recover an undivided one-eighth interest. On this point what was said by us in *Gannon* v. *Moore, supra,* is apposite here: This was an action of eject-

ment to recover possession of this land, and, so soon as it was commenced against the defendants, the statute was tolled as to title held by the plaintiffs at that time. Nor was there any new cause of action set up by the amendment referred to. The cause of action consisted of the fact that defendants wrongfully withheld from plaintiffs the possession of land owned by them. The chain of title by which plaintiffs seek to prove that they were entitled to possession is not the cause of action, but the evidence of it."

In *Covington* v. *Berry, supra,* we said concerning this: "The mere fact that plaintiff did not properly set out his chain of title in one or the other of these suits would, we think, on this point be immaterial if he was in fact the owner of, and seeking to sustain, the same title in such action."

It follows therefore that the appellee is not barred by the statute of limitations as to an undivided one-eighth interest in the land in controversy. The judgment of the circuit court is modified and affirmed so as to give appellee the right of possession to an undivided one-eighth of the land in controversy, and as to the remaining undivided seven-eighths the judgment will be reversed and remanded with directions to enter judgment in favor of the appellants.

HART, J., dissents. Chief Justice McCULLOCH, not participating.