## CUMMINGS v. GREIF BROS. COOPERAGE CO.
### No. 14615.

United States Court of Appeals
Eighth Circuit.
March 26, 1953.

825

Tilghman E. Dixon and Gerland P. Patten, Little Rock, Ark., for appellant.

Sid J. Reid, Sheridan, Ark., and Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for appellee.

Before THOMAS, JOHNSEN and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

This is another case involving the matter of the right and the effect of amending a complaint in a diversity suit, as a question of substantive significance in relation to state practice and of procedural regulation

in relation to the Federal Rules of Civil Procedure, 28 U.S.C.A. See also Petsel v. Chicago, B. & Q. R. Co., 8 Cir., 202 F.2d 817, recently decided.

The complaint herein, filed in the federal court in December, 1951, alleged that defendant had in 1945 unlawfully entered upon some land owned by plaintiff in the State of Arkansas, the legal description of which was set out, and "cut down and removed therefrom some pine trees and manufactured same into staves;" that "the defendant converted logs of the plaintiff to its own use and benefit and plaintiff has been damaged in the amount of the value of the staves at the time of the conversion, less the cost of converting the logs into the finished product, said damages being in the sum of Seven Thousand Dollars;" that demand had been made upon defendant "for compensation for the timber so cut" but such demand had been refused; and that plaintiff prayed judgment against defendant in the sum of $7,000, with interest "from the date of the conversion," and costs. The action thus, while containing allegation of a trespass, was in its basis and object simply one to recover damages for the appropriation or conversion of cut timber or logs as personal property.

Within the time allowed by Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., as well as apparently on leave granted by the court, plaintiff, in February, 1952, filed an amendment to the complaint, correcting a claimed error in the description of the land and of the year that the conversion had occurred, making change in the Township number of the land from "Three" to "Four", and in the time of the commission of the wrong from "1945" to "1947 and 1948".

Defendant thereupon filed a motion to dismiss the action, which was sustained by the trial court, upon the grounds (1) that the change in the description of the land and of the date of the conversion constituted as a matter of law an attempt to recover "for a different trespass and conversion", the recovery right for which was barred by Ark.Stats. § 37–206, as not having been made the subject of suit within three years after its accrual; and (2) that

further, whether the amendment to the complaint was regarded as setting up a new cause of action or not, the right to recover on it would in any event be barred, because plaintiff's wife had not been made a party to the action and as a matter of limitation could not now be so joined, and her joinder was necessary to a recovery, since it appeared from the admission of plaintiff, on the hearing of the motion to dismiss, that title to some of the property from which the timber had been cut was held by himself and his wife jointly, as an estate by entirety.

In resistance to the motion to dismiss, plaintiff made showing by testimony that the changes in the description of the land and of the year, contained in the amendment, were simply corrections of mistakes which had occurred in his pleading; that, while the description set out in the complaint had been correct as to section, range and county, the township number of the land had inadvertently been made to read "three" instead of "four"; that he did not own the land covered by the description in township 3 and had never had title to it or ever made any claim thereto; that prior to his institution of suit he had taken up with defendant the matter of the conversion claimed by him in relation to the land described in the amendment; that the disagreement between them had been over the exact location of the boundary line between the land described in the amendment and the land immediately adjoining; and that there never had been any conversion claim or controversy between them "except (as) to the timber cut from my land in twp. 4N." This testimony is without denial in the record.

Plaintiff's testimony on the hearing on the motion further showed that he had filed a previous suit in the Arkansas state court for the conversion, in which the error also had been made in the complaint of describing the township number as 3 instead of 4. The memorandum opinion of the trial court states that this suit had been filed in August, 1950, "within three years of the alleged trespass", and had been voluntarily non-suited in December, 1951, just prior to the institution of this action

in the federal court. These facts are not otherwise made to appear in the record, but we take them as admitted. Ark.Stats. § 37–222, permits the filing within one year of another suit upon a cause of action, which has been voluntarily non-suited, where the original action was itself instituted within the regular limitation period.

As to the title to the land covered by the amended description, plaintiff's testimony also showed that he was the sole owner of 45 acres thereof and that the rest of it was owned by himself and his wife jointly. Again, the record contains nothing in denial of this testimony.

■ If the trial court was correct in holding that recovery upon such cause of action as would exist under the amendment to the complaint was barred by the Arkansas statute of limitations, then the judgment of dismissal must be affirmed. The federal courts do not grant recoveries on rights under state law, where the statute of limitations would bar a recovery, if the action were pending in the state courts. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

The trial court, as we have indicated, held that the change made by the amendment in the description of the land from which the trees were cut and of the year in which they had been appropriated, even though constituting, as plaintiff claimed, merely the correction of mistakes made in stating the actual facts, was as a matter of law an attempt to recover for a different conversion or on a new cause of action.

It might incidentally be noted that the suit here was not one to recover an interest in real estate, where the land itself would constitute the basis or the subject of the action, as to which some courts, at least in earlier cases, seem to have taken a narrow attitude toward the amendment of legal description. The damages sought to be recovered are for the conversion of the cut trees or logs as personal property. Hence, just as in Union Naval Stores Co. v. United States, 240 U.S. 284, 287, 36 S.Ct. 308, 310,

60 L.Ed. 644, "The land is referred to only to identify the chattels, conversion of which is alleged." And also in a sense at least, the time alleged constitutes an element of identification as to the conversion committed.

■ Both facts are matters which a defendant is entitled to know for purposes of defense and possibly of subsequent res adjudicata protection. But it has never been the rule that exactness in the statement of place and of time in a complaint is a condition precedent to the right to recover for a conversion. So to view a pleading statement of these identificatory incidents would make any variance from that statement, on a trial or in any preliminary proceeding, no matter how slight or whether having at all occasioned any misleading, one that would be absolutely fatal.

■ Even before the present liberalization which has occurred in the concepts of many of our pleading-and-practice systems, it had been the general rule that amendments could be permitted "in respect of the date and place of the conversion." 65 C.J., Trover and Conversion, § 144c, p. 86. And as to the existence of the right under Arkansas law to allow mistakes made in the pleading of place and time in a conversion action to be corrected as mere procedural incidents and without substantive aspect, it does not seem to us that there can be any question.

In the first place, Ark.Stats. § 27–1160, specifically provides that "The court may, *at any time*, in furtherance of justice, and on such terms as may be proper, amend any pleadings * * * by correcting a mistake in the name of a party, *or a mistake in any other respect*". (Emphasis ours.)

And the Arkansas courts are not among those which have taken a narrow attitude toward permitting the amendment of title description even in actions where land itself is the subject of the action, such as has been done by some courts, as referred to above. Thus, in the early case of Smith v. Halliday, Ark., 13 S.W. 1093, 1094 (not contained in the Arkansas Reports), where leave was granted in an ejectment suit to change the description of the land from "E½" to

to "W½", the court said: "That the court can, and in the exercise of its discretion should, grant such leave, it requires no argument to establish. Where the ends of justice require it, the amendment should be granted upon terms that will prevent surprise and injustice. * * * *The amendment tendered no new issue, but simply substituted a correct for incorrect description of the property in controversy * * *." (Emphasis ours.)

Again, in the comparatively recent case of Mason v. Jarrett, 218 Ark. 147, 234 S.W. 2d 771, 773, which similarly was a suit in ejectment, the court held that the trial court properly had permitted a mistake in the description of the land in the complaint to be corrected by amendment and said: "The amended complaint, insofar as a change of description from Northeast Quarter to Northwest Quarter, was merely the correction of a mistake."

Thus, it seems clear that the mere correction by amendment of a mistake in the complaint, which has occurred in alleging the facts as to the place or time of the conversion relied on, does not as a matter of law in Arkansas constitute the tendering of a new issue or the setting up of a new cause of action. Of course, where such a mistake is claimed to have been made, the court has the right, and ought, where the statute of limitations otherwise might be involved, to require the plaintiff to establish to its satisfaction that the amendment sought to be made actually has that existing basis and that it is not an attempt to set up a different recovery right. And necessarily also, even if the court is satisfied that the amendment is only an effort to correct a mere mistake in factual allegation, the right to amend may still be subject to denial as a matter of sound discretion, in the circumstances of procedural or trial prejudice which might be produced in some particular situation. These, however, are matters which will be open to the trial court's consideration on remand.

But if the court is satisfied that the change here is merely an effort to correct a mistake made in the description of place and time of the conversion, and no element of trial prejudice is present, such as to call for a denial of the amendment as a matter of

properly exercised discretion, then the amendment should be permitted to be made, and the result in these circumstances is that it is the original cause of action which remains in the pleading and the situation is no more touched by the statute of limitations than it was in the commencement of the action. Cf. Garrett v. Arkansas Power & Light Co., 218 Ark. 575, 237 S.W.2d 895.

■■ Defendant argues, however, that even if the court had the right to allow the amendment, without any new cause of action having resulted for purposes of the present suit, it would still have to be held that a new cause of action had been made to exist in relation to the suit filed in the state court, the non-suiting of which furnished the basis for the right to escape the statute of limitations in the institution of the present action. But the right given by Ark. Stats. § 37–222, to commence another suit within one year after the non-suit of an action instituted within the statutory period, is apparently intended to permit a carrying on of the same cause of action. The identity of the cause of action, if challenged, necessarily must be established in the second action. Identicalness of language and of allegation in the two complaints would doubtless be the strongest way of showing that the cause of action is the same, but the statute does not require that the complaint in the second action must be a verbatim copy of the first. Variance involving a departure of mere procedural and not substantive aspect, would therefore not, we think, be fatal.

Here, as a matter of fact, the complaints in the two actions, so far as the record discloses, appear to have been the same. Both seemingly contained the same factual mistake in description of place and time. Hence, identity was at least sufficiently shown to entitle the second action to be commenced and to carry over into the second action whatever rights legally would have existed under the first. And the second action certainly, just as fully as the first, would seem to be subject to such procedural regulation and control as could properly be permitted to come into play in relation to any pending action. The amendment here, as we have said, if it was in correction of a mistake in allegation, would be

of a procedural nature in its relationship to the second suit. It would not be regarded as making any substantive change in the cause of action which had been attempted to be asserted. As the correction of a mere mistake, and having thus only a procedural nature in the administration of the second suit, there would seem to be no sound basis either for artificially regarding it as having a projective substantive reach into the dismissed first action. We find nothing in Arkansas law that suggests that the mere correction of a mistake in fact allegation in such a second suit—where it is satisfactorily shown to have been actually a mistake—is as a matter of law the setting up of a different cause of action than in the first.

 As to the trial court's holding that the action had not in any event been brought within the statutory time, because plaintiff's wife was a necessary party and could not now limitationally be joined, it is true that, as to the property to which they held title jointly, it was necessary to a recovery, under Arkansas law, that the wife be joined. The interest of each of them in relation to such property under Arkansas law was as tenants "not by moieties, but by entireties". Branch v. Polk, 61 Ark. 388, 33 S.W. 424, 425, 30 L.R.A. 324. But this could have application only to the part of the property so held. The entire action therefore was not subject to dismissal on this basis, for some of the property involved was shown to belong to the husband alone.

The judgment of dismissal is reversed and the cause remanded for further proceedings. It may be repeated that, if the amendment is found to be in fact the mere correction of a mistake in allegation, then no substantive concept or consequence under Arkansas practice will be involved in relation to it. In these circumstances, the Federal Rules of Civil Procedure will of course be controlling in the court's further consideration.

THOMAS, Circuit Judge (dissenting). The judgment appealed from reads:

"On the motion of the defendant this action is dismissed as it appears upon the face of the record, supported also by the testimony of the plaintiff, that this action is barred by the statute of limitations, and that there is want of a necessary party against whom the statute of limitations is a bar."

In his Response to the defendant's motion to dismiss the complaint D. C. Cummings, the plaintiff, alleged that he owns in his own right 45 acres in Section 32, Township 4 North, Range 14 West, Pulaski County, Arkansas, and that he and his wife own the remainder of said section by the entireties, and that he is the proper party plaintiff. His wife was not made a party to the action in the state court nor to the action in the district court. By what law or act of his wife conferring on him authority so to represent her is not shown. Such right is not conferred upon him by Arkansas law. In the case of Branch v. Polk, 61 Ark. 388, 33 S.W. 424, 425, 30 L.R.A. 324, the Supreme Court of Arkansas say:

"In this state a married woman has full control of her separate property, and may convey and dispose of it as if she were a *feme sole*. Our constitution and statute have excluded the marital rights of the husband therefrom during the life of the wife."

The majority opinion holds that for these conceded facts

"The entire action therefore was not subject to dismissal on this basis, for some of the property involved was shown to belong to the husband alone."

I do not understand whether it is meant that the husband plaintiff may recover for the timber, if any, taken from the 45 acres which he claims in his own right or whether he may recover also for some part of the timber taken from the land held by the husband and wife by the entirety. Since but one undivided claim is made for timber taken from the entire section 32, I think the plaintiff's wife was a necessary party plaintiff to the action and the running of the statute of limitations against her assumed claim is a bar also to his indefinite claim.

I also think that any recovery upon the amended complaint is barred under Arkansas law by the three-year statute of limitations. The original complaint alleged that in 1945 the defendant wrongfully entered

upon the land owned by plaintiff in Section 32, Township 3 North, etc., and in the amended complaint he alleged that in 1947 and 1948 defendant wrongfully removed plaintiff's timber from Section 32 in Township 4 North. In the case of Cottonwood Lumber Co. v. Walker, 106 Ark. 102, 152 S.W. 1005, 1007, 45 L.R.A.,N.S., 429, cited and relied upon by Judge Trimble in the district court, the Supreme Court of Arkansas declared it "to be a fair test, in determining whether a new cause of action is alleged in an amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both." The Court say further in the same opinion that "The statute of limitations continues to run as to the cause of action not included in the original complaint, but first set up in an amendment thereto until the filing of such amendment."

I do not think it can be said as a matter of law that had the suit in the state court gone to judgment that judgment would have been a bar to a later suit for the conversion of timber in a tract of land several miles distant. This would be true in the present instance especially since the ownership of the land in the two suits is declared to be different. In the Arkansas case cited above it is said: "No suit by two persons can be the same as by one of them * * *"; and it is perfectly clear that the suit in which the plaintiff is now seeking recovery is not the same action in which he sought to recover in the state court. As held in the Walker case, supra, "the filing of the amendment to the complaint was tantamount to a dismissal of the cause of action * * *" alleged in the original complaint. In this connection see, also, Gannon v. Moore, 83 Ark. 196, 104 S.W. 139, and Covington v. Berry, 76 Ark. 460, 88 S.W. 1005.

And since the cause of action stated in the amendment to the complaint is a different cause of action than that alleged in the complaint in the state court, "The statute of limitations continues to run as to a cause of action not included in the original com-

plaint but first set up in an amendment thereto until the filing of such amendment." Warmack v. Askew, 97 Ark. 19, 132 S.W. 1013, and cases cited therein. Whether, therefore, the trespass and conversion of timber occurred in 1945, as alleged in the complaint in the state court and the original complaint in the federal court or in 1947 and 1948, as alleged in the amendment to the complaint in the federal court, the three-year statute of limitations had run when the amendment to the complaint in the federal court was filed on February 1, 1952. See, also, Renner v. Progressive Life Ins. Co., 194 Ark. 874, 109 S.W.2d 1245.

I would affirm the judgment appealed from.