Andre R. WRIGHT

v.

UNITED STATES of America.

Civ. A. No. 2:92cv694.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 9, 1993.

Henry E. Howell, III, Va. Beach, VA, Sidney J. Smolinsky, Sacks, Basch, Weston & Sacks, Philadelphia, PA, for plaintiffs.

Michael A. Rhine, U.S. Attys. Office, World Trade Center, Norfolk, VA, Michelle T. Delemarre, U.S. Dept. of Justice, Torts Branch, Civ.Div., Washington, DC, for defendants.

## ORDER

CLARKE, District Judge.

This matter is before the Court on Plaintiff Andre R. Wright's Motion for Leave to File

Amended Complaint. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

This matter is one for damages for injuries sustained by Plaintiff Andre R. Wright ("Wright") in the course of his employment as a seaman in the United States Merchant Marine. On September 1, 1992, Wright filed a Complaint with the Court alleging he was injured on June 8, 1991 while working on a U.S. vessel, the SS Cape Douglas, due to the "negligence of the defendant and the unseaworthiness of the SS 'Cape Douglas.'" Complaint for Seaman's Personal Injury at ¶ 6. On January 21, 1993, more than four (4) months after the Complaint was filed, Wright filed a Motion for Leave to File Amended Complaint ("Motion") stating the date of the injury alleged in the September 1 Complaint was incorrect.

In his Motion, Wright contends that he discharged his attorney in August of 1992. For three months following this discharge, he failed to respond to his attorney's inquiries as to the attorney's and his law firm's status and Wright's "rights and responsibility in view of the situation." *See* Affidavit of Louise D. Parise; Motion to Withdraw as Counsel at ¶ 3. Accordingly, Wright's attorney filed this action "in an effort to protect [Wright's] rights ... so that [the suit] would not be time-barred." Motion at ¶ 3. As a result of the lack of communication, his attorney placed the wrong date of Wright's injury in the Complaint.

On December 21, 1992, this Court permitted Wright's counsel to withdraw. Upon notification of this by letter dated December 22, 1992, Wright informed his attorney that he wished to reinstate him as his counsel in this matter. Presumably after consultation with Wright, Wright's counsel then notified the United States that the date of injury was in error in the Complaint. After failed attempts to obtain the United States' consent to the amendment, Wright's counsel filed this Motion alleging the mistake in the amendment was inadvertent and due to "the good faith effort of his counsel to promptly file a Complaint on [Wright's] behalf after counsel had been discharged ... and [because Wright] had not responded to the communications sent to him in order to protect his rights." Plaintiff's Memorandum in Support of His Motion for Leave to File an Amended Complaint at 1. The United States opposes Wright's motion contending it is time barred by the applicable statute of limitations.

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

In determining whether Wright may amend his Complaint or is instead barred by the statute of limitations, the Court looks to Rule 15 of the Federal Rules of Civil Procedure which provides·in pertinent part that once a responsive pleading has been filed, "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Moreover,

> [a]n amendment of a pleading relates back to the date of the original pleading when
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Fed.R.Civ.P. 15(c).

In his Motion, Wright contends he was injured on September 21, 1990, not on June 8, 1991. Pursuant to the applicable statute of limitations,[1] the time for bringing suit on the September injury expired on September 21, 1992, unless Wright's amendment relates back to the date of the original Complaint.

---

1. Section 745 of the Suits in Admiralty Act provides a two year statute of limitations for Wright's injury. 46 U.S.C. § 745 (1975). Moreover, this limitations period is jurisdictional and cannot be waived or tolled. *Szyka v. United States Secretary of Defense*, 525 F.2d 62 (2nd Cir.1975); *T.J. Falgout Boats, Inc. v. United States*, 508 F.2d 855 (9th Cir.1974); *Williams v. United States*, 228 F.2d 129 (4th Cir.1955), *cert. denied*, 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499 (1956); *Epshteyn v. United States*, 657 F.Supp. 255 (S.D.N.Y.), *aff'd without op.*, 838 F.2d 1202 (2nd Cir.1987).

Wright contends that the Amended Complaint should relate back because his attorney made an inadvertent mistake in referring to the June 8, 1991 injury instead of the September 21, 1990 injury, and if it was not made, his Complaint would have been timely filed. He has submitted affidavits from his attorney and his attorney's paralegal attesting to the fact that the mistake arose from their efforts, once they were discharged, to protect Wright's rights under the statute of limitations when Wright was unresponsive to their investigations. Moreover, Wright contends the United States was on notice of the September 21, 1990 injury from an administrative claim dated May 3, 1991 and sent to the Maritime Administration in Washington, D.C.

In response, the United States first contends Wright's Amended Complaint cannot relate back pursuant to Rule 15(c)(1) as the strict two year statute of limitations contained in the Suits in Admiralty Act has expired on the September 21, 1990 injury. Second, since the September injury arose from a different transaction or occurrence than the one described in Wright's original Complaint, it cannot relate back pursuant to Rule 15(c)(2). The United States further contends that it could not have had notice of the September injury since even Wright's Request for Admissions referred to the June 8, 1991 injury date, and it had knowledge of at least three other injuries Wright had sustained on the SS Cape Douglas[2]. Accordingly, the United States argues it would be prejudiced after four and a half months of discovery to have to investigate an entirely different injury less than three months before trial.[3] The Court agrees.

In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court set forth the standard to be employed by federal courts in determining whether or not to allow an amended pleading. The Court explained that leave to amend was a decision left to the discretion of the district court, and

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. at 230. In this case, Wright was dilatory in conferring with his attorney and pursuing his claim. Although Wright refers to two cases in which leave to amend a Complaint was granted due to mistakes in dates and places in the original Complaint, they are inapposite to Wright's situation.

In *Kelcey v. Tankers Co.,* 217 F.2d 541 (2d Cir.1954), a seaman brought suit under the Jones Act for injuries sustained from an attack by a fellow seaman. At trial, the plaintiff seaman sought to correct the date and place of the attack set forth in his complaint. The Second Circuit upheld the district court's decision to allow the amendment, finding that the amendment was amply supported by evidence[4] and did not cause the defendant any "actual harm." *Id.* at 543. Moreover, only "one assault was claimed," and there was evidence indicating that the defendant had records of the assault occurring at the time and place referred to in the Amended Complaint. *Id.* The court thus found that "the true facts as the time and place of the assault were known to, or could reasonably have been ascertained by, the defendant ... [and] plaintiff had suffered from recurrent amnesia, which made it difficult for him to remember the true facts." *Id.*

In *Cummings v. Greif Brothers Cooperage Co.,* 202 F.2d 824 (8th Cir.1953), a landowner brought suit "to recover damages for appropriation or conversion of cut timber or logs as personal property." *Id.* at 826. The land-

---

2. The government has knowledge of four dates on which Wright was injured: September 21, 1990; April 24, 1991, June 1, 1991; and June 8, 1991. Memorandum in Support of the United States' Response to Plaintiff's Motion for Leave to File Amended Complaint at 2 n. 1.

3. On November 16, 1992, the trial date for this matter was set for May 17, 1993.

4. *See Kelcey,* 217 F.2d at 543 n. 1.

**418**

owner subsequently amended his complaint to correct the description of the land and the date of the conversion set forth in the original complaint. The Eighth Circuit reversed the district court's denial of the amendment finding that there was evidence that the landowner and defendant had discussed the conversion before the suit was filed and "that there never had been any conversion claim or controversy between them except [for the one referred to in the amended complaint]." *Id.* at 827. Accordingly, the court held that the corrections did not amount to a "tendering of a new issue or setting up of a new cause of action." *Id.* at 828.

 In this case, the United States, from the outset was not made fully aware of the events giving rise to the action. Wright's Complaint is quite general;[5] it alleges that on June 8, 1991, the United States was negligent and this negligence caused Wright's injuries. Since the United States was aware of four injuries Wright had sustained, including the one alleged in his original Complaint, it had no way of knowing that Wright had misstated the date of his injury. The good faith of Wright's attorney in filing Wright's Complaint in order to preserve Wright's cause of action is insufficient justification for allowing the Amended Complaint. Here Wright knew of the true date of injury from the instigation of his lawsuit but failed to inform his attorney. Accordingly, the Court **FINDS** Wright's Amended Complaint introduces a new claim for relief based on different facts and **DENIES** Wright's Motion. *See First Nat'l Bank of Louisville v. Master Auto Serv. Corp.,* 693 F.2d 308, 314 (4th Cir.1982) (motion to amend properly denied where plaintiff knew or should have known facts for alternative claim); *Lee X v. Casey,* 771 F.Supp. 725, 733 (E.D.Va.1991) (motion to amend denied where plaintiff "knew or should have known the facts which formed the basis for his new claim ... [and] failed to present any *valid* reason why he did not [previously] raise them").

**5.** It is important to note for purposes of this motion that the Complaint, although sufficient to put defendant on notice, merely alleges the date of Wright's injury and goes on to broadly allege

**CONCLUSION**

Wright's Amended Complaint was untimely filed. Since it does not relate to the same facts as referred to in the original Complaint and Defendants did not have adequate notice of the new claim, Wright is barred from bringing suit for his September 21, 1990 injury. Accordingly, Wright's Motion for Leave to File Amended Complaint is **DENIED.**

The Clerk is directed to send a copy of this Order to counsel for the Plaintiff and counsel for the Defendant.

IT IS SO ORDERED.

various negligent acts on the part of the defendant but does not refer to any specific facts such as what duties Wright was performing or the circumstances leading up to his injury.