**MORGAN DISTRIBUTING COMPANY, INC., Appellant,**

v.

**UNIDYNAMIC CORPORATION (formerly known as UMC Industries, Inc.), Appellee.**

**No. 88–1826.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1988.

Decided Feb. 28, 1989.
Rehearing Denied April 5, 1989.

Robert M. McHenry, Little Rock, Ark., for appellant.

Herbert C. Rule, III, Little Rock, Ark., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

Morgan Distributing Company appeals from a judgment notwithstanding verdict entered by the district court[1] after Morgan was awarded $300,000.00 by a jury against Unidynamic Corporation for the wrongful termination of a distributorship agreement. We affirm.

Morgan was an exclusive distributor for Unidynamic for approximately thirteen years through a series of one-year contracts, each expiring in April of the respective year. In July, 1980 Morgan received from Unidynamic a distributorship agreement which altered Morgan's status from an exclusive to a nonexclusive distributor. An accompanying letter explained the alteration by outlining the previous two years of complaints Unidynamic had made about Morgan's poor sales performance. The letter stated that Morgan's performance would likely improve by having to compete in a nonexclusive territory—hopefully to the point where Morgan could be re-awarded the exclusive distributorship. Unidynamic terminated Morgan's distributorship altogether when the 1980 agreement expired in April, 1981.

Morgan brought suit in August, 1983 claiming that the 1981 termination of the 1980 nonexclusive distributorship violated a contractual covenant of good faith. In November, 1983 Morgan responded to a motion to dismiss for failure to state a claim by amending the complaint to aver that the 1981 termination also violated the Arkansas Franchise Practices Act (AFPA). *See* Ark.Stat.Ann. §§ 70–807 to –818, *recodified at* §§ 4–72–201 to –210 (1987).

On November 20, 1984 Unidynamic filed a motion for summary judgment on the grounds that (1) the AFPA did not apply to nonexclusive distributorships, and (2) the 1980 agreement had not been terminated, but had simply expired pursuant to a self-executing expiration clause.

In its response to the motion, Morgan stated that it had been coerced into accepting the alteration from an exclusive to a nonexclusive agreement in 1980 under the threat of total termination and that such coercion violated the AFPA. The district court[2] ruled that there appeared to be genuine issues of material fact in dispute and denied Unidynamic's motion.

Morgan took a voluntary nonsuit in February, 1985 but filed a new suit September 16, 1985, claiming that the 1980 termination of the exclusive distributorship violated the AFPA. Jury trial of that case resulted in a verdict of $300,000.00 for Morgan.

Within the ten days required by Fed.R. Civ.P. 50(b), Unidynamic filed a j.n.o.v. motion and was granted leave by the district court, despite objection by Morgan, to file an accompanying brief at a later date. In support of its motion for j.n.o.v. Unidynamic argued that the September, 1985 suit claiming a July, 1980 violation was barred by the Arkansas five-year limitations statute. *See* Ark.Stat.Ann. § 37–209, *recodified at* § 16–56–111 (1987). In response, Morgan argued that because the 1985 complaint was filed within one year of the taking of the nonsuit, it related back to the first suit under either Fed.R.Civ.P. 15(c) or the Arkansas Savings Statute, *see* Ark. Stat.Ann. § 37–222, *recodified at* § 16–56–126 (1987), and thus, was not time-barred.

The court granted Unidynamic's motion for j.n.o.v. on the ground that the 1983 suit, based on a 1981 termination of a nonexclusive distributorship, and the 1985 suit, based on a 1980 termination of an exclusive distributorship, were different causes of action and, therefore, the 1985 suit could not relate back to the 1983 suit.

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

2. The Honorable William R. Overton, late a United States District Judge for the Eastern District of Arkansas.

Morgan appeals on two grounds. First, Morgan argues that the district court erred in holding that the 1985 suit, which was filed well within the one year statutory grace period, did not relate back to the 1983 suit. Second, Morgan argues that the district court erred in allowing Unidynamic leave to file its brief in support of its motion for j.n.o.v. more than ten days after judgment had been entered in favor of Morgan.

The parties agree that the 1985 suit is time-barred by the applicable Arkansas statute of limitations unless it somehow relates back to the 1983 suit.

■ We begin by rejecting Morgan's initial argument that the 1985 suit relates back to the 1983 suit pursuant to Fed.R. Civ.P. 15(c). Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment stating a claim which arose "out of the conduct set forth in the original pleading." *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). The 1985 complaint could not plausibly be construed as an amendment to an already dismissed 1983 suit without "temper[ing] the plain meaning" of Rule 15(c). *Id.* at 30, 106 S.Ct. at 2384–85.

Rather, relation back of the 1985 suit depends upon whether it falls within the Arkansas "savings statute" which allows the refiling of a suit within one year of its dismissal. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975); *King v. Nashua Corp.*, 763 F.2d 332, 334 (8th Cir.1985) (interpreting and applying a state savings statute). The 1985 suit falls within the savings statute if its cause of action was the same in substance as the 1983 suit at the time the latter was nonsuited. *Cummings v. Grief Bros. Cooperage*, 202 F.2d 824, 828 (8th Cir.1953).

It is clear on its face that the 1983 complaint, as originally filed, stated a set of facts involving a different breach, of a different contract, and occurring in a different year than did the 1985 complaint. It is worth noting that the evidence required to prove the 1983 cause of action would be very different from that required to prove the 1985 cause of action, *see Kansas Gas & Electric v. Evans*, 100 F.2d 549, 552 (10th Cir.1938), *cert. denied*, 306 U.S. 665, 59 S.Ct. 790, 83 L.Ed. 1061 (1939), and that an adverse judgment on the 1983 suit would not have constituted a bar to recovery on the 1985 suit, *Love v. Couch*, 181 Ark. 994, 1003–04, 28 S.W.2d 1067, 1071 (1930).

Morgan makes two arguments why the causes of action of the two suits were the same. First, Morgan argues that the November, 1983 amended complaint included an averment of an AFPA violation and, therefore, the 1985 suit, which also proceeds on an AFPA violation, relates back to the 1983 suit. This argument, however, misses the point that, irrespective of the theory of recovery, the 1983 complaint was still claiming a 1981 breach of the nonexclusive distributorship, not a 1980 breach of the exclusive distributorship.

Second, Morgan argues that its November, 1984 response to Unidynamic's motion for summary judgment averred a breach of the 1980 distributorship, thereby putting Unidynamic on notice of Morgan's true cause of action; hence, Unidynamic suffered no prejudice when the same averment was made in the second suit.

In support of its argument, Morgan relies on *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707 (8th Cir.1979), in which the district court declined to consider several arguments raised in a post-trial brief on the ground that the issues had not been pleaded in either the complaint or the amended complaint. On appeal, a panel of this court held that the amended complaint, although inartful, was sufficient under Fed.R.Civ.P. 8(a)(2) (complaint must include "a short and plain statement of the claim") to give the opposing party notice of the issues that were more fully stated in the post-trial brief. The panel held that because the opposing party had received notice of those issues and had submitted detailed briefs on their merits before both the district court and court of appeals, the opposing party would suffer no prejudice by a court's consideration of those issues. *Id.*

at 714–15. The panel then considered the arguments and reversed. *Id.* at 722.

Morgan urges that the issues raised in its 1985 suit, like the issues raised in the post-trial brief in *Oglala Sioux,* should be heard on their merits because Unidynamic had prior notice of them. While Morgan's argument does not lack in ingenuity, it nevertheless fails.

The *Oglala Sioux* court found that the amended complaint satisfied the essential requirement of notice to justify consideration of the issues raised in a later brief. Morgan attempts the opposite; it relies on a brief in one suit to give notice of issues raised in a later complaint filed in a new suit after the limitations period has expired. We reject the notion that issues raised in a brief in one suit notify an opposing party of a future complaint so that the statute of limitations is somehow tolled.

Furthermore, we note that *Oglala Sioux* stands only for the proposition that, in some circumstances, a party may obtain relief on a theory of recovery not expressly pleaded in the complaint but proved at trial, when it is based on the same wrongful act that was pleaded, and when the opposing party has had fair notice. *See Oglala Sioux,* 603 F.2d at 714 (theory of recovery raised in post-trial brief was based on same wrongful act alleged in complaint). This is consistent with both the Federal Rules of Procedure, *see* Fed.R.Civ.P. 54(c) (relief shall be granted to entitled party, even if party failed to demand it during pleading stage), and case law, *see Doss v. South Central Bell Telephone Co.,* 834 F.2d 421, 424 (10th Cir.1987) (plaintiff not precluded from recovery under a proper theory after pleading an improper one); *Greenwood v. Ross,* 778 F.2d 448, 454–55 (8th Cir.1985) (allowing a party who filed a § 1983 suit for retaliation to proceed on various theories of recovery which had not been pleaded); *Fuller v. Marx,* 724 F.2d 717, 720–21 (8th Cir.1984) (a different theory of recovery for the same wrongful act did not relate back under Rule 15(c) because opposing party did not have notice). Here, we reemphasize that the 1985 complaint does not state simply a new theory of recovery, but an altogether different wrongful act, viz the 1980 termination of an exclusive distributorship.

Morgan also relies on *Cummings v. Grief Bros. Cooperage,* 202 F.2d at 828–29, which allowed an amendment that changed the year the alleged wrongful act took place. However, the issue in *Cummings* is different than the issue here. *Cummings* involved the correction of a mistake: the complaint had wrongfully stated the year the cause of action occurred. In the case *sub judice,* no mistake was made on when the cause of action occurred or on any other point. Rather, Morgan first proceeded on one cause of action and then on another. The implication is inescapable that Morgan recognized that in order to recover it would have to proceed on the 1980 termination; however, that recognition came too late. *Cf. Glick v. Ballentine Produce,* 343 F.2d 839, 844 (8th Cir.) (finding that a new suit did not relate back and noting that plaintiffs recognized that their original complaint was deficient but failed to amend it), *cert. denied,* 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149 (1965).

Ultimately, Morgan must rest its case on the argument that its brief in response to Unidynamic's motion for summary judgment amended the 1983 complaint. "However, it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). To hold otherwise would mean that a party could unilaterally amend a complaint at will, *see Friedman v. Village of Skokie,* 763 F.2d 236, 239 (7th Cir.1985) ("Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity"), even without filing an amendment, and simply by raising a point in a brief.

We conclude that the 1983 suit, at the time it was nonsuited, did not state a cause of action for the 1980 termination of the exclusive distributorship as did the 1985

suit. Therefore, the 1985 suit does not relate back and, consequently, is barred.

 We also reject Morgan's argument that the district court erred in allowing Unidynamic leave to file its brief in support of its motion for j.n.o.v. more than ten days after judgment had been entered for Morgan. Morgan's rationale is that Fed.R.Civ.P. 50(b) requires that motions for j.n.o.v. be filed within ten days of judgment, and local Rule 20 of the Eastern and Western District Courts of Arkansas requires that all motions be accompanied by a brief. A juxtaposition of the two rules, according to Morgan, requires that Unidynamic file both the motion for j.n.o.v. and its accompanying brief within the ten day period.

In making this argument, Morgan finds itself in the unenviable position of having to urge this court to adopt a formalistic approach to the interpretation of procedural rules, after having just urged the court to adopt a liberal approach. As we rejected Morgan's argument with respect to the limitations issue as too great a derogation of the structural element of procedural rules, so too we reject Morgan's argument with respect to this latter issue as too inflexible and technical.

The interpretation of local rules is left, to a large extent, to the district court that adopted them, *Max M. v. New Trier High School District No. 203*, 859 F.2d 1297, 1300 (7th Cir.1988) (adapting local rules to unforeseen circumstances is the work of the court that created them); *Cohen v. Carnival Cruise Lines*, 782 F.2d 923, 924 (11th Cir.1986) (enforcement of local rules tempered with due consideration of circumstances), and that interpretation is granted deference on appeal, *Smith v. Ford Motor Co.*, 626 F.2d 784, 786 (10th Cir.1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); *United States v. Warren*, 601 F.2d 471, 473 (9th Cir.1979). We note that Unidynamic filed its motion within the required time period and that it was accompanied by a brief when ruled on by the court. The district court's order which granted leave to file the brief noted the importance of comprehensively addressing

the limitations issue. We hold that the district court did not commit error on this point. *See Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670, 670–71 (9th Cir.1985).

As indicated, the judgment of the district court is affirmed.