Michael J. SILBERSTEIN; Laraine Silberstein, Appellants,

v.

INTERNAL REVENUE SERVICE; United States of America, Appellees.

No. 93–2629.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1994.

Decided Feb. 14, 1994.

---

Counsel who represented the appellant was Edgar E. Lim of St. Louis, MO.

Counsel who represented the appellee was Gary R. Allen of the Department of Justice, Washington, DC.

\* The HONORABLE HARRY W. WELLFORD, Senior Circuit Judge for the Sixth Circuit Court of

Before BEAM, Circuit Judge, WELLFORD,\* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

Appellants contend that the district court abused its discretion by ruling on a motion for summary judgement filed forty-one days rather than forty-five days prior to the date scheduled for trial. We disagree and affirm.

Michael J. Silberstein and Laraine Silberstein sought a tax refund. The district court originally set the matter for trial on March 1, 1993. The court issued a subsequent scheduling order establishing a pretrial conference on March 5, 1993, in preparation for trial "on the three week docket commencing March 1, 1993."

The Silbersteins had been served with a request for admissions to which they had failed to respond for some five months after the thirty-day deadline established by Fed. R.Civ.P. 36. They attempted to respond out of time on January 11, 1993. However, the district court, on January 15, overruled the motion for leave to respond and, instead, sustained the government's motion to deem the request admitted. Four days later, on January 19, 1993, the government filed its motion for summary judgment. The summary judgment motion was granted on March 3, 1993.

Appellants filed a "Motion to Set Aside" which the district court properly construed as a timely Motion to Alter or Amend a Judgment under Fed.R.Civ.P. 59(e). The motion was overruled and the Silbersteins' appeal.

Appellants do not take issue with the rulings of the district court on the merits of the dispute. Instead, they invoke a purported procedural violation of Local Rule 7(H).

Rule 7(H), adopted by the district court under the authority granted by 28 U.S.C. § 2071(a) and Fed.R.Civ.P. 83, pro-

Appeals, sitting by designation.

vides that: "motions for summary judgment or to dismiss may not be filed later than forty-five (45) days prior to the trial date." Such local rules, as appellants correctly contend, are binding on the parties. *See, e.g., Braxton v. Bi–State Dev. Agency,* 728 F.2d 1105 (8th Cir.1984).

Our problems with appellants' contentions are twofold. First, the trial court has ample authority to amend the trial date as it did in this case. A March 5 *pretrial* conference signals that the trial will not commence before that date. Thus, the summary judgment motion was timely. Second, the district court has considerable leeway in the application of its local rules. *See Morgan Distributing Co. v. Unidynamic Corp.,* 868 F.2d 992, 996 (8th Cir.1989). Indeed, "[i]t is for the district court to determine what departures from its rules may be overlooked." *Braxton,* 728 F.2d at 1107 (citation omitted). While we would not hesitate to find abuse of discretion in the application of a local procedural rule in an appropriate case, this is not such a situation.

An examination of the record reveals that at least one of the facts deemed admitted on January 15 was crucial to the success of the summary judgment request. Appellants were contesting this factual matter as late as January 11. Therefore, the district court was well within its discretion in considering the motion filed four days after resolution of this dispute, even if it considered the March 1 trial date binding, which was clearly not the case.

Accordingly, the district court correctly considered the dispositive motion. The judgment is affirmed.