68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert WASHINGTON, Appellant,
v.
Willie D. ROBINSON, in his official and individual capacity
as an officer of the Arkansas State Police; Henry Lamar, in
his official and individual capacity; Ron Lewis, in his
official and individual capacity, Appellees.
 No. 95-1672.
 United States Court of Appeals, Eighth Circuit.
 Oct. 18, 1995.
 
 Before WOLLMAN, MAGILL and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Washington appeals from the district court's[1] denial of his Federal Rule of Civil Procedure 60(b)(1) motion for reconsideration. Washington originally filed a complaint under 42 U.S.C. Sec. 1983 claiming various members of the Arkansas State Police violated his constitutional rights by using excessive force when arresting him. After Washington failed to respond to defendants' motions for summary judgment within the time required by the court's local rules, the district court deemed defendants' facts admitted, and entered summary judgment for defendants.
 
 
 2
 Two months later, Washington moved for reconsideration alleging that he had planned to respond to the summary judgment motions, and that his counsel believed opposing counsel had agreed to an extension of time for filing a response. Accepting as true that the parties had agreed to an extension, the district court denied Washington's motion, noting it was not bound by agreements between counsel absent court approval pursuant to the Local Rules of the Eastern and Western Districts of Arkansas.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion. Hoover v. Valley West DM, 823 F.2d 227, 230 (8th Cir.1987). District courts are afforded considerable leeway in their application of local rules. See Silberstein v. Internal Revenue Service, 16 F.3d 858, 860 (8th Cir.1994). Assuming Washington's counsel mistakenly believed that defense counsel's agreement to an extension required no court approval, such ignorance does not constitute mistake, inadvertence, surprise, or excusable neglect warranting reconsideration under Rule 60(b). See Cline v. Hoogland, 518 F.2d 776, 778-79 (8th Cir.1975) (carelessness or ignorance no excuse for attorney's failure to file resistance to summary judgment motion).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas