```
                        _____

                        No. 94-1612
                        _____

Ted Wisneski,                       *
                                    *
          Appellant,                *
                                    *
     v.                             *
                                    *
Lincoln County Quorum Court;        *
Jean Mullikin, Member of            *
Lincoln County Quorum Court;        *
Neb Ryall, Jr., Member of           *
Lincoln County Quorum Court;        *
Jimmy Powell, Member of Lincoln     *  Appeal from the United States
County Quorum Court; Aaron Burns,*     District Court for the
Member of Lincoln County Quorum     *  Eastern District of Arkansas.
Court; Katie Blake, Member of       *       [UNPUBLISHED]
Lincoln County Quorum Court;        *
Howard Raley, Member of Lincoln     *
County Quorum Court; W. H.          *
Venable, Member of Lincoln          *
County Quorum Court; J. C.          *
Leonard, Member of Lincoln          *
County Quorum Court; A. B. Allen,*
Member of Lincoln County Quorum     *
Court; Boyce Fletcher,              *
Individually and in his             *
capacity as County Judge of         *
Lincoln County, Arkansas,           *
                                    *
          Appellees.                *
```

                        _____

          Submitted:  December 26, 1995

             Filed:  January 5, 1996
                        _____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
                        _____

PER CURIAM.

Ted Wisneski appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action alleging that he was denied procedural due process in connection with his termination as a Lincoln County employee. We affirm.

In its order granting summary judgment, the district court stated that it would consider defendants' statement of undisputed material facts admitted, because Wisneski had failed to file a controverting statement, as provided for by local rule. Wisneski argues, without supporting authority, that the district court's application of the local rule violated Federal Rule of Civil Procedure 56(c) and deprived him of his right to rely on the "existing verified pleadings, depositions, answers to interrogatories, etc." already in the record. He argues that the rule also deprived the district court of its function in assessing the record as a whole.

We reject Wisneski's arguments. The district court did not abuse its discretion in applying the local rule because the court applied it in a manner consistent with Federal Rule of Civil Procedure 56. See Silberstein v. Internal Revenue Service, 16 F.3d 858, 860 (8th Cir. 1994) (application of local rules subject to abuse of discretion review based on facts of each case). It is apparent from other portions of the court's order that the court reviewed the summary judgment papers, found that defendants' exhibits supported their statement of facts, and recognized that Wisneski could not rest on his assertions, but was under a duty to come forward with evidence controverting defendants' documentation--a duty he failed to meet. Fed. R. Civ. P. 56(e) (non-moving party cannot rest on allegations of pleadings, but

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

-2-

"must set forth specific facts showing that there is a genuine issue for trial"); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (summary judgment can be avoided only if there is sufficient evidence favoring non-moving party that reasonable jury could return verdict for that party).

Moreover, defendants were appropriately granted summary judgment because Wisneski received the process due him. Defendants' undisputed evidence shows that Wisneski received a counseling session and written warning prior to being fired, and a post-termination hearing during which he was represented by counsel and given the opportunity to testify and cross-examine witnesses. See Post v. Harper, 980 F.2d 491, 493 (8th Cir. 1992) (due process satisfied when employee had pretermination opportunity to meet with supervisor and respond to charges, and received post-termination hearing where he was represented by counsel, testified, introduced evidence, and cross-examined witnesses); see also Demming v. Housing & Redevelopment Auth., 66 F.3d 950, 954 (8th Cir. 1995) (due process satisfied when employee received notice of hearing, copy of evaluation form, and opportunity to respond to charges at hearing); Winegar v. Des Moines Indep. Sch. Dist., 20 F.3d 895, 901 (8th Cir.) ("`something less'" than full evidentiary hearing is sufficient pretermination process), cert. denied, 115 S. Ct. 426 (1994).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-