**In re: Search of the Premises of Carl Ray WILSON.**

**No. 4:01M5002.**

United States District Court,
E.D. Arkansas,
Western Division.

April 5, 2001.

### MEMORANDUM AND ORDER

STEPHEN M. REASONER, District Judge.

Presently before the Court is the appeal by the United States of America ("United States") of the Magistrate Judge's Order of March 8, 2001. For the following reasons, this Court finds that a United States Magistrate Judge does not possess the jurisdiction, or authority, to declare a local rule, or general order, and the procedures of the United States District Court Clerk's Office unconstitutional. Those portions of the Order of March 8, 2001, are vacated and will be treated as recommended disposition.

### I. FACTS

On January 10, 2001, United States Magistrate Judge Thomas J. Ray ("Magistrate Judge") issued a search warrant for the premises owned by Carl Ray Wilson ("Mr.Wilson"). On January 12, 2001, law enforcement officials executed the search warrant and Mr. Wilson was killed during the event.

On January 23, 2001, the Arkansas Democrat–Gazette (hereafter "Movant") requested the Magistrate Judge to enter an Order unsealing all documents contained in the confidential file maintained by the Clerk of the Court (the "Wilson file"). By letter dated January 25, 2001, the United States stated it did not object to an order unsealing the search warrant and return inventory, but that it objected to unsealing any of the remaining documents in the Wilson file.

On January 30, 2001, the Magistrate Judge entered an order unsealing the search warrant and return documents only. The Magistrate Judge advised the

Movant that he would only consider releasing the remaining documents in the Wilson file after the Movant filed a formal motion to release those materials as required by Amended General Order No. 22. On February 15, 2001, the Movant filed a Motion to Unseal Confidential File and a supporting Brief. On February 26, 2001, the United States responded.

On March 2, 2001, the Magistrate Judge held an *in camera* hearing to address the Movant's motion. On March 8, 2001, the Magistrate Judge entered an order, unsealing the entire Wilson file, ordering the Clerk's Office to begin maintaining all docket sheets in newly created search warrant files in the Eastern District of Arkansas as public records, and declaring Amended General Order No. 22 unconstitutionally overbroad and facially unconstitutional.

The United States filed its Notice of Appeal and Request for Stay on March 16, 2001, appealing only the rulings of the Magistrate Judge beyond his decision to unseal the entire Wilson file.

## II. *JURISDICTION OF REVIEW BY DISTRICT COURT*

This Court has jurisdiction to review the Magistrate Judge's Order of March 8, 2001, pursuant to Local Rule 72.1 XI of the Rule of the United States District Court for the Eastern and Western Districts of Arkansas, which provides:

> Rulings, orders, or other actions by a Magistrate Judge in the District, review of which is not otherwise specifically provided for by law or these rules, shall, nevertheless, be subject to review by the District Court as follows: ... (B) After conducting whatever further proceedings he or she deems appropriate, the District Judge may adopt or reject, in whole or in part, the action taken by the Magistrate Judge, or take such other action he or she deems appropriate.

*See* Local Rule 72.1 XI. To the extent any party suggests that this Court is without jurisdiction to review the Order of March 8, 2001, entered by the Magistrate Judge, such arguments are without merit.

The Movant argues that the parties consented to the Magistrate Judge's jurisdiction, pursuant to 28 U.S.C. § 636(c), and that this Court does not have the jurisdiction to review the Magistrate Judge's decision. *See* 28 U.S.C. § 636(c) (1998). Movant asserts that because the United States failed to object to the Magistrate Judge's jurisdiction, it consented to it. The Court disagrees.

█ The Eighth Circuit has consistently held that § 636(c) "requires a clear and unambiguous statement in the record of the affected parties' consent to the magistrate judge's jurisdiction." *Harris v. Folk Const. Co.*, 138 F.3d 365, 369 (8th Cir.1998) (citing *Reiter v. Honeywell*, 104 F.3d 1071, 1073 (8th Cir.1997)). "Without clear and unambiguous consent, litigants cannot be deemed to have forfeited their right to proceed in front of an Article III judge." *Id.* A failure to object to a magistrate judge's jurisdiction, or silence, "is neither a clear nor unambiguous statement of consent." *Id.* at 370. Therefore, the United States did not validly consent to the Magistrate Judge's jurisdiction pursuant to § 636(c) because it did not express its clear and unambiguous consent.

█ In the absence of consent of the parties under § 636(c), review of a magistrate judge's decision lies in the district court. *See Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 883 (7th Cir.1998). In the present case, review of the Magistrate Judge's order by this Court is appropriate pursuant to Local Rule 72.1 XI.

█ Moreover, this Court can properly raise the issue of the Magistrate Judge's

jurisdiction *sua sponte. See United States v. Dees,* 125 F.3d 261, 263 (5th Cir.1997), *cert. denied,* 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998); *Rembert v. Apfel,* 213 F.3d 1331, 1333–34 (11th Cir.2000). We do so here.

### III. *THE MAGISTRATE JUDGE'S JURISDICTION DID NOT INCLUDE THE AUTHORITY TO DECLARE A GENERAL ORDER OF THE EASTERN DISTRICT OF ARKANSAS UNCONSTITUTIONAL*

■ Due to the scope of the Magistrate Judge's Order of March 8, 2001, this Court must first answer the question of whether the Magistrate Judge possessed the jurisdiction or authority to declare unconstitutional the practices of this district court, practices that are enumerated in part by Amended General Order No. 22. This Court concludes that the Magistrate Judge did not have said jurisdiction or authority. A United States magistrate judge, who has no power to adopt a local rule or general order, equally has no power to strike down a local rule or general order, regardless of its constitutionality.

There are two primary reasons why the Magistrate Judge lacked the jurisdiction and authority to declare Amended General Order No. 22 and the procedures followed by the Clerk's Office unconstitutional. First, the Magistrate Judge lacked the appropriate jurisdiction under federal statutory law. *See* 28 U.S.C. §§ 631 *et seq.* (1998). Second, the Magistrate Judge's order conflicts with the protections of Article III of the United States Constitution. *See* U.S. Const. art III.

■ "[M]agistrate judges are not Article III judges and ... their authority is circumscribed" by federal statutory law. *United States v. Gomez–Lepe,* 207 F.3d 623, 631–32 (9th Cir.2000). Stated differently:

Magistrate judges do not share the privileges or exercise the authority of judges appointed under Article III of the United States Constitution; rather, magistrate judges draw their authority entirely from an exercise of Congressional power under Article I of the Constitution. Consequently, magistrate judges may not act contrary to the limitations prescribed by the national legislature. *Thomas v. Whitworth,* 136 F.3d 756, 758 (11th Cir.1998). Magistrate judges "are creatures of statute, and so is their jurisdiction." *N.L.R.B. v. A–Plus Roofing, Inc.,* 39 F.3d 1410, 1415 (9th Cir.1994).

■ In determining whether a judicial duty is properly before a magistrate judge, this Court must answer two questions: (1) whether Congress, in passing the legislation governing federal magistrates, intended for them to perform the judicial duty in question; and (2) whether the delegation of the duty offends principles of Article III of the United States Constitution. *See United States v. Dees,* 125 F.3d 261, 264 (5th Cir.1997), *cert. denied,* 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998).

#### A. *Statutory Jurisdiction Under § 636*

The statutory framework creating the jurisdiction of magistrate judges is found within the Federal Magistrate's Act of 1968, as amended. *See* 28 U.S.C. §§ 631 *et seq.* This Court has already rejected arguments supporting the Magistrate Judge's statutory jurisdiction based upon § 636(c)—that the parties consented to his jurisdiction. Therefore, the Court must look to the remaining provisions in the statute.

Under § 636(b)(1), magistrate judges have jurisdiction over dispositive and nondispositive pretrial matters. *See* § 636(b)(1)(A). However, as to the eight categories of dispositive matters enumerated in § 636(b)(1)(A), the magistrate

judge must submit proposed findings of fact and recommendations for the disposition and cannot enter dispositive orders alone. *See* § 636(b)(1)(B). Because none of the eight categories "specifically authorize" a magistrate judge to declare a general order or the procedures of a district court clerk's office unconstitutional,[1] the dispositive matters listed under § 636(b)(1)(A) cannot form the basis of the Magistrate Judge's jurisdiction. *See Dees,* 125 F.3d at 264. In addition, § 636(b)(1)(A) cannot form the basis of the Magistrate Judge's jurisdiction for said issues as non-dispositive pretrial matters because this Court finds that these issues are not non-dispositive pretrial matters.

■ The remaining statutory provision that might arguably provide jurisdiction to a magistrate judge to declare a general order unconstitutional is § 636(b)(3), which provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." § 636(b)(3). A "magisterial duty is a proper 'additional duty' under the clause if it bears some relationship to the duties that the statute expressly assigns to magistrate judges." *Id.* at 264–65 (citing *Peretz v. United States,* 501 U.S. 923, 930–31, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991)). It is the opinion of this Court that a United States magistrate judge declaring a local rule unconstitutional is not an "additional duty" that "bears some relationship to the duties

that the statute expressly assigns to magistrate judges." *Id.*

Congress clearly required federal district courts, acting by and through the Article III judges of the district court, to establish local rules by which magistrate judges shall discharge their duties. *See* § 636(b)(4) ("Each district court shall establish rules pursuant to which the magistrates shall discharge their duties."). The relevant local rule in the Eastern District of Arkansas is Local Rule 72.1.

In the present case, the initial search warrant application was before the Magistrate Judge pursuant to Local Rule 72.1 V, which allows magistrate judges to issue subpoenas and writs, and § 636(a)(1). *See* Local Rule 72.1 V ("A Magistrate Judge may issue subpoenas, writs of habeas corpus ad testificandum or ad prosequendum or other orders necessary to obtain the presence of parties or witnesses or evidence needed for court proceedings, either civil or criminal."); § 636(a)(1); *see also* Fed R.Crim. P. 41(a) (stating "a search warrant authorized by this rule may be issued … by a federal magistrate judge"). The Movant's Motion to Unseal the Wilson file was also properly before the Magistrate Judge, pursuant to Amended General Order No. 22 ("Any person desiring a copy of the papers maintained in the confidential files must file a motion, directed to the Magistrate Judge or District Judge who signed the warrant, requesting release of the materials.").[2] However, issues beyond

---

**1.** The only dispositive category that is arguably applicable is "injunctive relief." § 636(b)(1)(A). If the Magistrate Judge's decision to declare Amended General Order No. 22 and the procedures of the Clerk's Office unconstitutional is properly characterized as injunctive relief, then the Magistrate Judge did have the statutory jurisdiction to submit a recommended disposition to an Article III district judge. Nonetheless, a dispositive matter must be submitted to an Article III district judge by recommended disposition. § 636(b)(1)(B). Because this Court reaches

the same result, *i.e.,* treating the relevant portions of the Magistrate Judge's Order of March 8, 2001, as a recommended disposition, this issue is of little importance.

**2.** The Court recognizes the Movant's argument that if the Magistrate Judge did not have jurisdiction to declare unconstitutional Amended General Order No. 22 and the procedures of the Clerk's Office, then he did not have jurisdiction to unseal the Wilson file. The Court disagrees.

those specifically stated, including the constitutionality of Amended General Order No. 22 and the procedures of the Clerk's Office, were not properly before the Magistrate Judge.

### B. *Article III of the United States Constitution*

A United States magistrate judge declaring unconstitutional a local rule or general order of a district court does not comport with the principles of Article III of the United States Constitution. In *Peretz v. United States*, 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), the United States Supreme Court stated that the protections within Article III fall into two categories. *See Dees*, 125 F.3d at 266 (citing *Peretz*, 501 U.S. at 936–37, 111 S.Ct. 2661). "First, Article III confers upon [criminal] defendants a personal right to have their case heard by an Article III judge." *Id.* Because the present case does not involve a criminal defendant, this Article III concern is not relevant.

However, "Article III also contains certain structural guarantees which ensure respect for separation-of-powers principles." *Dees*, 125 F.3d at 266; *see also Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986) ("Article III, § 1, serves ... to protect 'the role of the independent judiciary within the constitutional scheme of tripartite government ....' "). "Article III judges cannot delegate to magistrate judges final authority over some important issue in a case, as only Article III judges, not their adjuncts, have the power to dispose of cases or controversies." *Dees*, 125 F.3d at 268. It is this Article III principle that was usurped by the Magistrate Judge's order here.

Rule 83 of the Federal Rules of Civil Procedure, Rule 57 of the Federal Rules of Criminal Procedure, and federal statutory law prescribe how federal district courts may adopt their local rules. *See* Fed. R.Civ.P. 83(a); Fed.R.Crim.P. 57(a); 28 U.S.C. §§ 2071 *et seq.; see also Silberstein v. IRS*, 16 F.3d 858, 859–60 (8th Cir.1994). Rule 83 and Rule 57 both provide that "[e]ach district court, acting by *a majority of its district judges*, may, after giving appropriate public notice and an opportunity for comment, make and amend rules governing its practice." Fed.R.Civ.P. 83(a)(1) and Fed.R.Crim.P. 57(a)(1) (emphasis added). Section 2071(a) provides that the "Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business." § 2071(a).

 Additionally, section 2071(c)(1) provides: "A rule of a district court prescribed under subsection (a) *shall remain in effect unless modified or abrogated by the judicial council of the relevant circuit.*" § 2071(c)(1) (emphasis added). Thus, it is clear that only Article III district judges, through a majority of said district judges in the district court, have the power to enact local rules, and such

---

As previously stated, § 636(c) provides jurisdiction to magistrate judges to perform "additional duties" and those duties must bear "some relationship to the duties that the statute expressly assigns to magistrate judges." *See Peretz v. United States*, 501 U.S. 923, 930–31, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). This Court finds that a United States magistrate judge deciding a motion to unseal a confidential search warrant file is an additional duty that bears some relationship to the duties that the statute expressly assigns to magistrate judges. *See id.* Moreover, Amended General Order No. 22, enacted pursuant to § 636(b)(4), allows magistrate judges to decide such requests. Other magistrate judges have properly entertained motions to unseal confidential search files by newspapers. *See, e.g., United States of America v. Sealed Search Warrants*, Nos. 99–1096, 99–1097, 99–1098, 1999 WL 1455215 (D.N.J. 1999) (finding no First Amendment right to access of documents supporting an issued search warrant).

local rules shall remain in effect unless modified by said district judges or abrogated by the judicial council of the relevant circuit. *See Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania,* 764 F.Supp. 328 (E.D.Pa.1991) (federal district court, in addition to judicial council of circuit, has authority to pass on validity of local rule), *aff'd,* 975 F.2d 102 (3d Cir. 1992), *cert. denied,* 507 U.S. 984, 113 S.Ct. 1578, 123 L.Ed.2d 147 (1993); *see, e.g., Porter v. Fox,* 99 F.3d 271 (8th Cir.1996) (court of appeals has power to strike down local rule). Once enacted, local rules have the force and effect of law and are binding upon parties and the court which promulgated them until they are changed in an appropriate manner. *See Jetton v. McDonnell Douglas Corp.,* 121 F.3d 423, 426 (8th Cir.1997); *Petrolite Corp. v. Baker Hughes, Inc.,* 96 F.3d 1423 (Fed.Cir. 1996) (citing *Weil v. Neary,* 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243 (1929)); *Marshall v. Gates,* 44 F.3d 722 (9th Cir. 1995).

Moreover, a district court is the best forum to initially interpret its own rules and considerable deference is accorded to the district court in its interpretation and application of its own rules. *See Smith v. Ford Motor Co.,* 626 F.2d 784 (10th Cir.), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); *see also Silberstein,* 16 F.3d at 859–60 (stating a "district court has considerable leeway in application of its local rules"). The Eighth Circuit has stated "[t]he interpretation of local rules is left, to a large extent, to the district court that adopted them, and that interpretation is granted deference on appeal." *Morgan Distributing Co., Inc. v. Unidynamic Corp.,* 868 F.2d 992, 996 (8th Cir.1989) (citations omitted).

In the present case, one of the final issues determined by the Magistrate Judge was the constitutionality of Amended General Order No. 22 and the proce-

dures implemented in the Clerk's Office in reference thereto. In declaring same unconstitutional, the Magistrate Judge's order violates the exclusive power of the Article III district judges in the Eastern District of Arkansas to adopt and amend the local rules of this federal district court. The notion that a United States magistrate judge, who has no power to adopt a local rule or general order, may strike down such a local rule or general order is untenable.

Rule 83, Rule 57, and § 2071 prescribe how local rules are enacted and amended. Once enacted, local rules have the force of law. The district courts are in a better position to interpret their own local rules and considerable deference should be accorded to the district court. In this case, the Magistrate Judge lacked the power to declare Amended General Order No. 22 and the procedures of the Clerk's Office unconstitutional.

## IV. *CONCLUSION*

The Magistrate Judge had neither the statutory jurisdiction nor the constitutional power to declare a general order adopted by the Article III district judges for the Eastern District of Arkansas and the procedures of the Clerk's Office unconstitutional. For the reasons stated, it is hereby ordered that the Order of March 8, 2001, is vacated insofar as it declares Amended General Order No. 22 and the procedures of the Clerk's Office unconstitutional.

It is further ordered that said Order of March 8, 2001 will be treated by this Court as a recommended disposition on the constitutionality of Amended General Order No. 22 and the procedures of the Clerk's Office. Objections to the Recommended Disposition shall be filed within ten (10) days of the entry of this Order. Moreover, the Court will allow amicus briefs to be filed on behalf of the United States

District Judges for the Eastern District of Arkansas, if so desired, as decent respect for the opinions of my fellow Article III judges, regarding their rules of the district court, so commands.[3] The Motion to Stay filed by the United States is moot.

---

**3.** It may very well be that this Court agrees with the Magistrate Judge, that Amended General Order No. 22 and the procedures of the Clerk's Office related thereto are unconstitutional. However, that issue will now appropriately be determined by an Article III district judge.