# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2506

———————

Guy Heide,

        Appellant,

    v.

Ray LaHood, in his official capacity
as Secretary, United States Department
of Transportation,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*
\*

———————

Submitted: December 10, 2010
Filed: December 16, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

In this action for injunctive relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Guy Heide appeals after the district court[1] dismissed his claims as moot. Upon careful review of the record and Heide's arguments on appeal, we find no basis for reversal.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

First, we conclude that the district court did not abuse its discretion in its application of its Local Rule 7.1. See Silberstein v. Internal Revenue Serv., 16 F.3d 858, 860 (8th Cir. 1994) (district court has considerable leeway in application of its local rules; it is for district court to determine what departures from its rules may be overlooked); Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (standard of review). Further, we conclude that Heide's complaint was properly dismissed as moot, notwithstanding his claim seeking a written finding under 5 U.S.C. § 552(a)(4)(F), and his request for costs. See Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673 (7th Cir. 2009) (affirming dismissal of case as moot where agency produced responsive documents while district court case was pending; noting claim for fees and costs is separate from merits of action); Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008) (Rule 12(b)(1) dismissal reviewed de novo); Voinche v. Fed. Bureau of Investigation, 999 F.2d 962, 963-64 (5th Cir. 1993) (per curiam) (in action essentially challenging timeliness of agency's response, concluding that agency's response rendered plaintiff's challenge moot and that review of adequacy of agency's response was foreclosed by plaintiff's failure to have first sought administrative review of adequacy); see also 5 U.S.C. § 552(a)(4)(F) (discussing written findings that ordinarily accompany court order for production of agency records); Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record). Finally, we conclude that the district court did not abuse its discretion in denying Heide costs. Cf. Ginter v. Internal Revenue Serv., 648 F.2d 469, 471 & n.4, 472 (8th Cir. 1981) (per curiam) (district court did not abuse its discretion in denying fees despite district court's failure to hold evidentiary hearing or to make factual findings where sufficient information existed in the record to conclude that plaintiff had not shown he had substantially prevailed).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____